```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ALBERT FORD,                        )
        Plaintiff,                  )
                                    )
        v.                          )    C.A. No. 10-10471-DPW
                                    )
HAROLD CLARKE, ET AL.,              )
        Defendants.                 )
```

ORDER FOR DISMISSAL
April 21, 2010

WOODLOCK, D.J.

On March 16, 2010, plaintiff Albert Ford ("Ford") filed this civil action. On April 8, 2010, a Procedural Order (Docket No. 3) issued directing Ford either to pay the $350.00 filing fee, or file a Motion for Leave to Proceed Without Prepayment of Fees along with his certified prison account statement in accordance with 28 U.S.C. § 1915(a)(1).

On April 16, 2010, Ford filed a Motion to Dismiss or Transfer to State Court, seeking to dismiss this action with prejudice or alternatively, to transfer this action to the Suffolk Superior Court because "the wrong lawsuit was mailed to the federal court, which it was a state law suit, that this Court has no jurisdiction over." Motion to Dismiss (Docket No. 4 at 1).[1]  Ford seeks dismissal so that he does not have to pay the

---

[1] Essentially, this case centers around an incident on the A2 Tier of the DDU in MCI-Cedar Junction resulting in a disciplinary charge against Ford for encompassing the making, transferring, and possession of alcohol. Ford asserted that his constitutional rights were violated because: (1) he was not able to present a defense; (2) the evidence presented against him was insufficient; and (3) his prison account was unlawfully frozen and money improperly withdrawn prior to any guilty finding. Although Ford asserts that his constitutional rights were violated, his

filing fee.  Id.

## DISCUSSION

While a prisoner's filing fee obligations generally attach at the time of filing of a Complaint,[2] I will not assess the filing fee against Ford in this case because of his representation that the filing in federal court was due solely to a mailing error and that he had no intention of pursuing this action in federal court.  I also consider the timeliness of Ford's motion, and the fact that no preliminary screening of this action had been undertaken pending resolution of the filing fee issue.

Additionally, I will not direct transfer of this action to the Suffolk Superior Court, but will ALLOW Ford's Motion to Dismiss, treating it as a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The dismissal of this action is with prejudice, in accordance with Rule 41(a)(1)(B)(Effect).  Dismissal of this action shall not constitute a strike against Ford under the three-strikes rule

---

Complaint specifies that he intended to raise this action in the nature of certiorari pursuant to Mass. Gen. Laws ch. 249, § 4, and for other relief under Massachusetts Law.  I note that Ford has filed other civil action in this Court alleging violations of his constitutional rights, under 42 U.S.C. § 1983. *See, e.g., Ford v. Bender, et al.*, C.A. 07-11457-JGD.  Moreover, the caption of the Complaint indicates the filing was directed to the "Commonwealth of Massachusetts."  In light of these distinctions, I credit Ford's representation that he did not intend to pursue this litigation in federal court.

[2]*See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

of 28 U.S.C. § 1915(g).

SO ORDERED.                     /s/ Douglas P. Woodlock
                                DOUGLAS P. WOODLOCK
                                UNITED STATES DISTRICT JUDGE